LISA J. ZASTROW, ESQ.
Nevada Bar No. 009727
BART K. LARSEN, ESQ.
Nevada Bar No. 008538
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145
Telephone:  (702) 362-7800
Facsimile:  (702) 362-9472
E-Mail:      blarsen@klnevada.com
            lzastrow@klnevada.com

-and-

KIMBERLY A. POSIN, ESQ.
CA State Bar No. 223091 – *Pro Hac Vice*
AMY C. QUARTAROLO, ESQ.
CA State Bar No. 222144 – *Pro Hac Vice*
**LATHAM & WATKINS LLP**
355 S. Grand Avenue
Los Angeles, CA 90071-1560
Telephone: (213) 891-7322
Facsimile: (213) 891-8763
E-Mail:      kim.posin@lw.com
            amy.quartarolo@lw.com

Attorneys for Plaintiff
ATHENE ANNUITY AND LIFE COMPANY

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ATHENE ANNUITY AND LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL S. TALBOTT; CINDY TALBOTT; SCOTT KELLER AND KAREN KELLER, as individuals; LEROY WILDER, both individually and as trustee of the LEROY AND NANCY WILDER TRUST; and the LEROY AND NANCY WILDER TRUST,<br><br>Defendants. | CASE NO. 2:16-cv-00160-GMN-PAL<br><br><br>**JOINT STIPULATION TO STAY ACTION PURSUANT TO SETTLEMENT AGREEMENT ENTERED IN ONGOING BANKRUPTCY ACTION** |

Plaintiff Athene Annuity and Life Company ("Plaintiff") and Defendants Michael S.

Talbott, Cindy Talbott, Scott Keller, Karen Keller, LeRoy Wilder, both individually and as

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

trustee of the LeRoy and Nancy Wilder Trust, and the LeRoy and Nancy Wilder Trust (collectively, "Defendants"), hereby agree and stipulate as follows:

WHEREAS, Defendants are parties to certain guaranties (the "Guaranties") made in connection with a loan extended to TAWK Development, LLC ("TAWK");

WHEREAS, on December 18, 2015, TAWK filed a Chapter 11 bankruptcy petition in this District, initiating the matter of *In re TAWK Development LLC*, Case No. BK-S-15-16986-MKN (the "Bankruptcy Action");

WHEREAS, Plaintiff filed the above-captioned action (Case No. 2:16-cv-00160-GMN-PAL) (the "Guarantor Action") against Defendants on January 28, 2016, in connection with the Guaranties made to secure performance of all obligations owed by TAWK under the Loan Documents, as defined in the Complaint filed in this action;

WHEREAS, on May 27, 2016, the Bankruptcy Court entered an order approving the Settlement Agreement, by and between Plaintiff, Defendants, and TAWK, pursuant to which TAWK agreed to, *inter alia*, within one hundred twenty (120) days from March 30, 2016, pay Plaintiff (1) all principal then due and owing under the Loan Documents, (2) all accrued non-default interest then due and owing under the Loan Documents, (3) all late charges then due and owing under the Loan Documents, (4) all title fees incurred by Plaintiff, and (5) attorneys' fees in the amount of $562,500.  A true and correct copy of the Settlement Agreement and the Bankruptcy Court's Order are attached hereto as Exhibits A and B, respectively; and

WHEREAS, pursuant to Section 7 of the aforementioned Settlement Agreement, the parties to the Guarantor Action agree to stay these proceedings until the Repayment Deadline (as defined in the Settlement Agreement), which is July 28, 2016.

Accordingly, it is stipulated as follows:

1.     The Guarantor Action, including all deadlines and proceedings set by the Scheduling Order entered on April 20, 2016 (Dkt. 43), shall be stayed until July 28, 2016. Unless Plaintiff submits an application to dismiss the Guarantor Action pursuant to Section 7 of the Settlement Agreement, the stay shall be automatically lifted as of July 28, 2016.

2.     In the event that the stay is lifted as described in Paragraph 2 above, the parties

shall meet and confer within seven (7) days of July 28, 2016 regarding pretrial and discovery

deadlines, and within five (5) days of that conference, shall submit a proposed joint schedule and

revised discovery plan to the Court pursuant to Fed. R. Civ. P. 26(f) and L.R. 26-1.

DATED this 6th day of June, 2016.

**KOLESAR & LEATHAM**

By:/s/ Amy C. Quartarolo, Esq.
    BART K. LARSEN, ESQ.
    Nevada Bar No. 008538
    LISA J. ZASTROW, ESQ.
    Nevada Bar No. 009727
    400 South Rampart Boulevard, Suite 400
    Las Vegas, Nevada 89145
    -and-
    KIMBERLY A. POSIN, ESQ.
    CA State Bar No. 223091 – *Pro Hac Vice*
    AMY C. QUARTAROLO, ESQ.
    CA State Bar No. 222144 – *Pro Hac Vice*
    **LATHAM & WATKINS LLP**
    355 S. Grand Avenue
    Los Angeles, CA 90071-1560

    Attorneys for Plaintiff Athene Annuity and
    Life Company

DATED this 6th day of June, 2016.

**MARQUIS AURBACH COFFING**

By:/s/ Jason M. Gerber, Esq.
    JASON M. GERBER, ESQ.
    Nevada Bar No. 9812
    BRYAN M. VIELLION, ESQ.
    Nevada Bar No. 13607
    10001 Park Run Drive
    Las Vegas, Nevada 89145

    Attorneys for Defendants Michael S.
    Talbott, Cindy Talbott, Leroy Wilder, and
    the Leroy and Nancy Wilder Trust

DATED this 6th day of June, 2016.

**PARSONS BEHLE & LATIMER**

By:/s/ David M. Bennion, Esq.
    MICHAEL R. KEALY, ESQ.
    Nevada Bar No. 0971
    50 West Liberty Street, Suite 750
    Reno, Nevada 89501
    -and-
    DAVID M. BENNION, ESQ. – *Pro Hac Vice*
    ZACK WINZELER, ESQ.– *Pro Hac Vice*
    201 S. Main Street, Suite 1800
    Salt Lake City, Utah 84111

    Attorneys for Defendants Scott and Karen
    Keller

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

DATED: ___June 8, 2016___

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

EXHIBIT A

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement") is made and entered into as of March 30, 2016 (the "Effective Date"), by and among TAWK Development, LLC (the "Debtor"), Leroy Wilder, as trustee of The Leroy and Nancy Wilder Trust, Leroy Wilder, Scott Keller, Karen Keller, Michael Talbott, and Cindy Talbott (collectively, the "Guarantors"), and Athene Annuity and Life Company ("Lender" and together with the Debtor and the Guarantors, the "Parties," and each, a "Party").

## Recitals

**WHEREAS**, the Debtor and Lender's predecessor, AmerUS Life Insurance Company ("AmerUs"), were parties to that certain Construction Loan Agreement, dated April 10, 2007 (as amended, amended and restated, or otherwise modified, the "Loan Agreement"), pursuant to which Lender provided a loan (the "Loan") to the Debtor for the purpose of constructing an apartment complex with 198 dwelling units located at 5067 Madre Mesa Drive, Las Vegas, Nevada (the "Real Property");

**WHEREAS**, in connection with the Loan Agreement, on April 12, 2007, the Debtor executed and delivered a Secured Promissory Note to AmerUs in the original principal amount of $20,000,000 (as amended, amended and restated or otherwise modified, the "Note");

**WHEREAS**, the Note was secured by a Construction Deed of Trust, Security Agreement and Assignment of Rents, dated April 10, 2007, by and between the Debtor, Brenda Tyler, as trustee, and AmerUs, which was subsequently recorded on April 12, 2007 in Book 20070412 as Document No. 0003485 of the Office of the County Recorder of Clark County, Nevada (as amended, amended and restated, or otherwise modified, the "Deed of Trust"), granting Lender a first lien upon the Real Property, as well as all improvements constructed thereon;

**WHEREAS**, on or about April 10, 2007, each of the Guarantors executed a Guaranty and a Guaranty of Payment and Performance (collectively, as amended, amended and restated or otherwise modified, the "Guaranties," and, together with the Loan Agreement and all documents related thereto, the "Loan Documents");

**WHEREAS**, on or about November 24, 2015, Principal Real Estate Investors, LLC ("Principal") (acting as loan servicing agent on behalf of Lender) filed a Complaint against the Debtor in the United States District Court for the District of Nevada, Case No. 2:15-cv-02218, seeking the appointment of a receiver to take control and manage the Real Property (the "Receivership Action");

**WHEREAS**, on December 18, 2015 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") initiating Case No. BK-S-15-16986-mkn (the "Chapter 11 Case");

**WHEREAS**, also on the Petition Date, the Debtor filed the *Debtor's Plan of Reorganization* [Docket No. 11] (the "Plan") and its *Emergency Motion for Entry of an Interim Order Pursuant to Bankruptcy Rule 4001(b) and LR 4001(b); (1) Authorizing Interim Use of*

*Cash Collateral by Debtor; and (2) Scheduling a Final Hearing to Determine Extent of Cash Collateral and Authorize Use of Cash Collateral by Debtor* [Docket No. 6];

**WHEREAS**, as a result of the filing of the Chapter 11 Case, the Receivership Action is stayed;

**WHEREAS**, the Debtor and Lender subsequently entered into the *Stipulation Authorizing Use of Cash Collateral By Debtor and Granting Adequate Protection and Related Relief* [Docket No. 61] (the "Cash Collateral Stipulation"), which was approved by the Bankruptcy Court on January 12, 2016 [Docket No. 72]. Pursuant to the Cash Collateral Stipulation, Lender agreed to permit the Debtor to use its cash collateral to pay necessary and reasonable operating expenses in accordance with an agreed budget in exchange for, among other things, adequate protection payments in the amount of $107,200 to be paid by the 20th day of each month during the Chapter 11 Case (the "Adequate Protection Payments");

**WHEREAS**, on December 23, 2015, Lender filed *Athene Annuity and Life Company's Motion for Relief From Stay: Real Property* [Docket No. 28] (the "Stay Motion") seeking relief from the automatic stay to exercise its state law remedies and rights in connection with, and to allow Lender to complete its foreclosure of, the Real Property;

**WHEREAS**, on January 28, 2016, Lender filed its *Complaint for Breach of Contract* against each of the Guarantors in the United States District Court for the District of Nevada, Case No. 2:16-00160 (the "Guarantor Action");

**WHEREAS**, on February 23, 2016, Guarantors Scott and Karen Keller filed their *Motion to Dismiss for Lack of Personal Jurisdiction* in the Guarantor Action (the "Motion to Dismiss"), which has now been fully briefed;

**WHEREAS**, on February 29, 2016, the Debtor filed its Complaint against Lender in the Bankruptcy Court, Case No. 16-01952 (the "Adversary Proceeding"), asserting claims for breach of the covenant of good faith and fair dealing and negligent misrepresentation, and objecting to Lender's claim in the Chapter 11 Case;

**WHEREAS**, on March 21, 2016, Guarantors Michael Talbott, Cindy Talbott, Leroy Wilder and The Leroy and Nancy Wilder Trust each filed Answers in the Guarantor Action;

**WHEREAS**, the hearing on confirmation of the Plan (the "Confirmation Hearing") and the hearing on the Stay Motion were scheduled to occur in the Bankruptcy Court on March 28 and 29, 2016; and

**WHEREAS**, the Parties agree to resolve fully and finally the disputes among them pursuant to the terms and conditions set forth herein.

2

**Agreement**

**NOW, THEREFORE**, in consideration of the premises, terms, conditions, and mutual releases contained herein, the Parties stipulate and agree:

1.    **Recitals**.   The foregoing recitals are hereby incorporated into and made an express part of this Agreement.

2.    **Repayment**.   On or prior to the date that is one hundred twenty (120) days after the Effective Date (the "Repayment Deadline"), the Debtor shall pay to Lender the following amounts (collectively, the "Repayment Amount"):

> a.   all principal then due and owing under the Loan Documents;
>
> b.   all accrued non-default interest then due and owing under the Loan Documents;
>
> c.   all late charges then due and owing under the Loan Documents;
>
> d.   all title fees incurred by Lender; and
>
> e.   attorneys' fees in the amount of $562,500.

The Debtor and Lender will reach agreement on the total amount due as the Repayment Amount for subsections (a)-(d) above no later than thirty (30) days after the Effective Date.

3.    **Adequate Protection Payments**.   The Debtor shall continue to make monthly Adequate Protection Payments during the Chapter 11 Case until the Repayment Amount is received by Lender or Lender takes title to the Real Property, whichever occurs first.

4.    **Potential Sale**.   The Debtor may initiate a sale process on or after the Effective Date to sell the Real Property with a broker mutually agreeable to the Debtor and Lender.  Any sale process, if initiated, shall not impact the Repayment Amount or the Repayment Deadline, or any other obligations under this Agreement.

5.    **Stay Motion**.   The hearing on the Stay Motion has been continued to May 31, 2016 at 9:30 a.m.  Upon entry of an order by the Bankruptcy Court approving this Agreement, the Debtor shall grant Lender immediate relief from the automatic stay pursuant to Section 362 of the Bankruptcy Code to proceed with foreclosure of its collateral under the Loan Documents, including prosecution of the Receivership Action, noticing the foreclosure sale, and taking all other actions necessary or related to foreclosure of the Real Property; provided that Lender shall forbear from completing a final foreclosure sale of the Real Property before the Repayment Deadline.  If, however, the Repayment Amount is not received by Lender prior to the Repayment Deadline, the Lender may complete the foreclosure sale of the Real Property immediately and the Guarantors and the Debtor agree not to interfere with or oppose same.  The relief from stay agreement will be presented to the Bankruptcy Court for approval, and the Parties will consent to and seek a waiver of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure so that the order granting relief from stay may be effective immediately upon entry.  The Debtor shall cooperate in, and not to object to, oppose or interfere with, the foreclosure process.

3

6. **Plan Confirmation**. The Confirmation Hearing has been continued to May 31, 2016 at 9:30 a.m. Within 2 business days of obtaining Bankruptcy Court approval of this Agreement, the Debtor will withdraw the Plan and vacate the Confirmation Hearing; provided, however, that nothing herein shall preclude the Debtor from filing a new or amended plan that is consistent with the terms of this Agreement.

7. **Guarantor Action**. Upon Bankruptcy Court approval of this Agreement, the Guarantors and Lender shall agree to stay the Guarantor Action until the Repayment Deadline. If Lender receives the Repayment Amount prior to the Repayment Deadline, Lender shall dismiss the Guarantor Action with prejudice within five (5) business days following receipt of the Repayment Amount. In the event the Repayment Amount is not received by Lender on or before the Repayment Deadline, the automatic stay shall be lifted and the Repayment Amount shall not be enforceable as a limitation on Lender's claim against the Guarantors, Lender shall retain all rights to prosecute the Guarantor Action and the Guarantors shall retain all of their defenses to the Guarantor Action as such existed before the Effective Date of this Agreement.

8. **Adversary Proceeding**. Upon Bankruptcy Court approval of this Agreement, the Debtor and Lender shall agree to stay the Adversary Proceeding until the Repayment Deadline. The Debtor shall dismiss the Adversary Proceeding with prejudice within five (5) business days following Lender's receipt of the Repayment Amount on or before the Repayment Deadline. In the event the Repayment Amount is not received by Lender on or before the Repayment Deadline, Lender's deadline to respond to the Complaint filed by the Debtor in the Adversary Proceeding shall be the date that is twenty (20) business days after the Repayment Deadline.

9. **Lien Release**. Lender shall release its lien on the Real Property upon receipt of the Repayment Amount on or before the Repayment Deadline.

10. **Standstill**. The Parties shall cooperate to obtain mutually agreeable extensions to dates after the Repayment Deadline of all pleading deadlines, hearings, and other matters arising in the Guarantor Action and Adversary Proceeding prior to the Repayment Deadline. No Party shall initiate additional litigation against any other Party, Athene Asset Management, L.P. ("AAM") or Principal relating to the Loan Documents or the Real Property from the Effective Date through the Repayment Deadline, except to enforce the terms of this Agreement.

11. **Chapter 11 Case**. The Debtor's pending Chapter 11 Case will continue at least until this Agreement has been fully implemented. The Debtor shall file a motion seeking approval of this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure in the Chapter 11 Case no later than April 1, 2016 and this Agreement remains subject to such approval by the Bankruptcy Court.

12. **Representations and Warranties**. Each Party agrees, acknowledges, represents, and warrants to the other Parties that it: (a) subject to the approval of the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019, has all necessary authority to enter into this Agreement and to bind itself, its successors and its assigns to this Agreement; (b) is not subject to any statutory, contractual or other obligation that may make the execution of this Agreement unlawful; and (c) has full knowledge of and has consented to this Agreement.

4

13.   **Releases**.  For and in consideration of the execution of this Agreement, and in consideration of the Repayment Amount, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, without further action by any Party, person, or entity, from and after the date that Lender receives the Repayment Amount if received by Lender prior to the Repayment Deadline:

a.   The Debtor, on behalf of itself and its affiliates, shall release and discharge, and be deemed to have released and discharged, (i) Lender and each of its current and former employees, officers, directors, shareholders, representatives, agents, predecessors, successors, assigns, attorneys, advisors, (ii) AAM and each of its current and former employees, directors, officers, partners, general partner, predecessors, representatives agents, successors, assigns, attorneys, servicers and advisors, and (iii) Principal and each of its current and former employees, officers, directors, members, managing member, representatives, agents, predecessors, successors, assigns, attorneys, advisors, (the "Lender Parties"), of and from any claim, retained action, obligation, suit, judgment, damage, demand, debt, right, cause of action, and liability, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising from, based upon or relating to, in whole or in part, (i) the Loan Documents; (ii) the Loan; (iii) the Real Property; and (iv) the subject matter of, or the transaction(s) or event(s) giving rise to, any claim of the Debtor against the Lender Parties, or any of them, and any act, omission, occurrence or event in any manner related to such subject matter, transaction or obligation; provided that the foregoing release shall not limit nor be deemed to limit the Debtor's rights to enforce this Agreement in accordance with its terms.

b.   Lender, on behalf of itself and its affiliates, shall release and discharge, and be deemed to have released and discharged, the Debtor and each of its current and former employees, officers, directors, members, managers, representatives, agents, predecessors, successors, assigns, attorneys, advisors, and financial advisors (the "Debtor Parties"), of and from any claim, retained action, obligation, suit, judgment, damage, demand, debt, right, cause of action, and liability, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising from, based upon or relating to, in whole or in part, (i) the Loan Documents; (ii) the Loan; (iii) the Real Property; and (iv) the subject matter of, or the transaction(s) or event(s) giving rise to, any claim of Lender against the Debtor Parties, or any of them, and any act, omission, occurrence or event in any manner related to such subject matter, transaction or obligation; provided that the foregoing release shall not limit nor be deemed to limit Lender's rights to enforce this Agreement in accordance with its terms or limit any indemnifications under the Loan Documents that survive repayment of the debt including, but not limited to, the environmental indemnity under the Loan Documents.

c.   Each Guarantor, on behalf of itself and its affiliates, shall release and discharge, and be deemed to have released and discharged, the Lender Parties, of and from any claim, retained action, obligation, suit, judgment, damage, demand, debt, right, cause of action, and liability, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising from, based

5

upon or relating to, in whole or in part, (i) the Loan Documents; (ii) the Loan; (iii) the Real Property; (iv) the Guaranties; and (v) the subject matter of, or the transaction(s) or event(s) giving rise to, any claim of any Guarantor against the Lender Parties, or any of them, and any act, omission, occurrence or event in any manner related to such subject matter, transaction or obligation; <u>provided</u> <u>that</u> the foregoing release shall not limit nor be deemed to limit each Guarantor's right to enforce this Agreement in accordance with its terms.

      d.      Lender, on behalf of itself and its affiliates, shall release and discharge, and be deemed to have released and discharged, each Guarantor and each of his, her or its current and former employees, officers, directors, members, managers, representatives, agents, predecessors, successors, assigns, attorneys, advisors, and financial advisors (the "<u>Guarantor Parties</u>"), of and from any claim, retained action, obligation, suit, judgment, damage, demand, debt, right, cause of action, and liability, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising from, based upon or relating to, in whole or in part, (i) the Loan Documents; (ii) the Loan; (iii) the Real Property; (iv) the Guaranties; and (v) the subject matter of, or the transaction(s) or event(s) giving rise to, any claim of Lender against the Guarantor Parties, or any of them, and any act, omission, occurrence or event in any manner related to such subject matter, transaction or obligation; <u>provided</u> <u>that</u> the foregoing release shall not limit nor be deemed to limit Lender's right to enforce this Agreement in accordance with its terms or limit any indemnifications under the Loan Documents that survive repayment of the debt including, but not limited to, the environmental indemnity under the Loan Documents.

      e.      EACH OF THE PARTIES EXPRESSLY ACKNOWLEDGES THAT ALTHOUGH ORDINARILY A GENERAL RELEASE MAY NOT EXTEND TO CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE PARTY RELEASED, THEY HAVE CAREFULLY CONSIDERED AND TAKEN INTO ACCOUNT IN DETERMINING TO ENTER INTO THE ABOVE RELEASES THE POSSIBLE EXISTENCE OF SUCH UNKNOWN LOSSES OR CLAIMS. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EXCEPT FOR THE CONTINUING OBLIGATIONS, EACH OF THE PARTIES EXPRESSLY WAIVES ANY AND ALL RIGHTS CONFERRED UPON IT BY ANY STATUTE OR RULE OF LAW WHICH PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE RELEASED PARTY, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542. THE RELEASES CONTAINED IN THIS SECTION 13 ARE EFFECTIVE REGARDLESS OF WHETHER THOSE RELEASED MATTERS ARE PRESENTLY KNOWN, UNKNOWN, SUSPECTED OR UNSUSPECTED, FORESEEN OR UNFORESEEN, EXCLUDING THE CONTINUING OBLIGATIONS.

14. **Waiver of Section 1542 of the California Civil Code**. Each Party understands that Section 1542 of the California Civil Code provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Each of the Parties is aware that hereafter it may discover claims presently unknown or undisclosed to it, facts in addition to or different from those which it now knows or believes to be true, and/or claims in its favor of which such Party is currently unaware. Nevertheless, by this Agreement, the Parties (i) expressly intend for all of such claims to be included within the scope of the foregoing releases and that such releases constitute a full, complete, voluntary, absolute, and general release of all such claims; and (ii) expressly acknowledge that its waiver and relinquishment of rights under section 1542 of the California Civil Code and all similar rights, rules, regulations, and provisions is an essential element of the consideration provided to the other Parties by this Agreement and that, without such waiver and relinquishment, the other Parties would not have executed this Agreement or agreed to its terms. Notwithstanding the foregoing, no rights or claims arising out of this Agreement are waived or released.

15. **Good-Faith Cooperation; Further Assurances**. The Parties shall cooperate with each other in good faith in respect of matters concerning the implementation and consummation of this Agreement. The Parties confirm that they have not assigned or transferred, in any manner (including by subrogation or operation of law), any claims being waived and released pursuant to this Agreement.

16. **Third Party Beneficiaries**. This Agreement is not intended for the benefit of any person other than the Parties and the released parties identified in Section 13 of this Agreement, and no such other person will be deemed to be a third party beneficiary hereof.

17. **Successors and Assigns**. This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of the Parties, and each of them.

18. **Attorneys' Fees**. Other than as set forth herein, the Parties shall bear their respective costs and attorneys' fees with respect to the preparation and execution of this Agreement. In the event of any action or proceeding brought by any Party against another Party to enforce this Agreement, the prevailing Party in such enforcement action or proceeding shall be entitled to recover all reasonable costs and expenses, including its attorneys' and experts' fees and costs incurred in such enforcement action or proceeding. The prevailing Party in any such enforcement action or proceeding shall be determined by the court based upon an assessment of which Party's major arguments made or positions taken in the enforcement action or proceeding could fairly be said to have prevailed over the other Party's major arguments or positions on major disputed issues. (As used herein, "major" refers to the potential economic value of an issue or argument.) If the Party which shall have commenced or instituted the action, suit or

7

proceeding shall dismiss or discontinue it without the concurrence of the other Party, then such other Party shall be presumed to be the prevailing Party.

19. **Governing Law**. All issues and questions concerning the construction, validity, enforcement and interpretation of this Agreement will be governed by, and construed in accordance with, the laws of the State of Nevada, without giving effect to any choice of law or conflict of law rules or provisions that would cause the application hereto of the laws of any jurisdiction other than the State of Nevada.

20. **Waiver of Jury**. In any court proceeding arising out of or relating to this Agreement, each Party hereby waives any right to trial by jury.

21. **Jurisdiction**. Any dispute arising under this Agreement shall be brought only in the Bankruptcy Court located in Las Vegas, Nevada.

22. **Notice**. All notices, requests, consents, claims, demands, waivers, and other communications hereunder shall be in writing and shall be deemed to have been given: (a) when delivered by hand (with written confirmation or receipt); (b) when received by the addressee if sent by a nationally recognized overnight courier (receipt requested); (c) on the next business day after the date sent by facsimile or electronic mail ("email") of a portable document format ("PDF") document (with confirmation of transmission, and with a copy being mailed on the same day) if sent during normal business hours of the recipient, and on the second business day after being sent if sent after normal business hours of the recipient; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective Parties at the following addresses (or at such other address for a Party as shall be specified in a notice given in accordance with this Section 22):

> If to the Debtor:
>
> TAWK Development, LLC
> 5067 Madre Mesa Drive
> Las Vegas, Nevada 89108
> Attention: Michael Talbott
> Email: mike@falconlandingnevada.com
> Facsimile: (702) 441-1440
>
> with a copy to:
>
> Garman Turner Gordon LLP
> 650 White Drive, Ste. 100
> Las Vegas, Nevada 89119
> Attention: Talitha Gray Kozlowski
> Email: tgray@gtg.legal
> Facsimile: (725) 777-3112
>
> and

8

Charles, Kane & Dye LLP
1920 Main Street, Ste. 1070
Irvine, California 92614
Attention: Steve Kane
Email: skane@ckdcounsel.com
Facsimile: (949) 852-9878

If to Lender:

Athene Annuity and Life Company
c/o Athene Asset Management, L.P.
2121 Rosecrans Ave, Suite 5300
Attn: Angelo Lombardo, Esq.
Email:  alombardo@athenelp.com

 with a copy to:

Latham & Watkins LLP
355 S. Grand Avenue
Los Angeles, California 90071-1560
Attention:   Kimberly A. Posin, Esq. and Amy C. Quartarolo, Esq.
Email:  kim.posin@lw.com; amy.quartarolo@lw.com
Facsimile:  (213) 891-8763

If to Michael Talbott or Cindy Talbott:

5067 Madre Mesa Drive
Las Vegas, Nevada 89108
Attention: Michael Talbott
Email:   mike@falconlandingnevada.com
Facsimile:  (702) 441-1440

with a copy to:

Charles, Kane & Dye LLP
1920 Main Street, Ste. 1070
Irvine, California 92614
Attention: Steve Kane
Email: skane@ckdcounsel.com
Facsimile: (949) 852-9878

If to Leroy Wilder or The Leroy and Nancy Wilder Trust:

2683 Neon Moon Ct.
Henderson, NV  89052

Attention: Leroy Wilder

with a copy to:

Charles, Kane & Dye LLP
1920 Main Street, Ste. 1070
Irvine, California 92614
Attention: Steve Kane
Email: skane@ckdcounsel.com
Facsimile: (949) 852-9878

If to Scott or Karen Keller:

C/O Keller Investment Properties, LLC
500 North Marketplace Drive #101
Centerville, UT 84014
Email: scottckeller@kip123.com

with a copy to:

Cory Hanks
Keller Investment Properties, LLC
500 North Marketplace Drive #101
Centerville, UT 84014
Email: chanks@kip123.com

with a copy to:

Jonathan K. Butler
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Email: jonbutler@parsonsbehle.com
Facsimile: (801) 536-6111

23. **No Strict Construction**. This Agreement shall be deemed to have been jointly drafted by the Parties, and any uncertainty or omission shall not be construed as an attribution of drafting by any party.

24. **Severability**. The invalidity or unenforceability of any provision of this Agreement will not affect the validity or enforceability of any other provision of this Agreement, which will otherwise remain in full force and effect.

25. **Entire Agreement; Amendment; Waiver**. (a) This Agreement sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them; (b) this Agreement may not be modified, amended or

10

LA\4483917.7

supplemented, except in a writing signed by each of the Parties; and (c) the terms and conditions hereof may not be waived except in a writing executed by each of the Parties.

26.     **No Liability**.  It is understood and agreed by the Parties that this Agreement represents a settlement and compromise of the claims by and against the Parties and neither this Agreement itself, any of the payments or covenants described herein, nor anything else connected with this Agreement is to be construed as an admission of fault or liability.

27.     **Counterparts**.  This Agreement may be executed in separate counterparts, each of which will be deemed to be an original and all of which taken together will constitute one and the same agreement.  Signed signature pages may be transmitted by facsimile or e-mail, and any such signature shall have the same legal effect as an original.

28.     **Headings**.  The headings in this Agreement are for purposes of convenience only, and will not be deemed to amend, modify, expand, limit, or in any way affect the meaning of any of the provisions hereof.

[SIGNATURE PAGES FOLLOW]

11

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first written above.

ATHENE ANNUITY AND LIFE COMPANY

By: _____

Name: *CHRISTIAN S. WALKER*

Its: *VP- LITIGATION*

TAWK DEVELOPMENT, LLC

By: _____

Name:

Its:

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first written above.

**ATHENE LIFE AND ANNUITY COMPANY**

By: _____
Name:
Its:

**TAWK DEVELOPMENT, LLC**

By: _____
Name:
Its:      Manager

**GUARANTORS**

By: _____
Name: Michael Talbott

By: _____
Name: Cindy Talbott


 By: _____
Name: Leroy Wilder


By: _____
Name: Leroy Wilder, as trustee of The Leroy and
Nancy Wilder Trust


By: _____
Name: Scott Keller


By: _____
Name: Karen Keller

**GUARANTORS**

By: _____
Name: Michael Talbott


By: _____
Name: Cindy Talbott


By: _____
Name: Leroy Wilder


By: _____
Name: Leroy Wilder, as trustee of The Leroy and
Nancy Wilder Trust


By: _____
Name: Scott Keller


By: _____
Name: Karen Keller

**GUARANTORS**

By: _____
Name: Michael Talbott

By: _____
Name: Cindy Talbott

By: _____
Name: Leroy Wilder

By: _____
Name: Leroy Wilder, as trustee of The Leroy and
Nancy Wilder Trust

By: _____
Name: Scott Keller

By: _____
Name: Karen Keller

EXHIBIT B



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 27, 2016

GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
MARK M. WEISNEMILLER, ESQ.
Nevada Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Ste. 100
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
*Attorneys for TAWK Development, LLC*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 15-16986-mkn |
| TAWK DEVELOPMENT, LLC, | Chapter 11 |
| Debtor. | Date: May 11, 2016 |
| | Time: 9:30 a.m. |

### ORDER APPROVING MOTION SEEKING APPROVAL OF SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019 AND VACATING HEARINGS

TAWK Development, LLC ("Debtor"), debtor and debtor-in-possession, filed its *Motion Seeking Approval of Settlement Pursuant to Fed. R. Bankr. P. 9019* [ECF No. 200] (the "Motion"),[1] which came on for hearing before the above-captioned Court on May 11, 2016, at 9:30 a.m. (the "Hearing"). All appearances were duly noted on the record at the Hearing on the Motion.

---

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

The Court having reviewed the Motion and all matters submitted therewith; having considered the argument of counsel at the Hearing; notice of the Motion having been proper; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure; and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted.

2. The Settlement Agreement is approved in its entirety and Debtor, Athene Annuity and Life Company, and Leroy Wilder, as trustee of the Leroy and Nancy Wilder Trust, Leroy Wilder, Scott Keller, Karen Keller, Michael Talbott, and Cindy Talbott are authorized to take all action necessary to effectuate the terms of the Settlement Agreement.

3. The Confirmation Hearing and Stay Relief Hearing Scheduled for May 31, 2016, at 9:30 a.m., is hereby vacated.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:                  APPROVED:

GARMAN TURNER GORDON LLP                 KOLESAR & LEATHAM

By: _/s/ Talitha Gray Kozlowski_        By: _/s/ Kimberly A. Posin_
    TALITHA GRAY KOZLOWSKI, ESQ.            BART K. LARSEN, ESQ.
    MARK M. WEISENMILLER, ESQ.              400 S. Rampart Blvd., Suite 400
    650 White Drive, Suite 100              Las Vegas, Nevada 89145
    Las Vegas, Nevada 89119
    *Attorneys for Debtor*                  and

    LATHAM & WATKINS LLP
    KIMBERLY A. POSIN, ESQ.
    AMY C. QUARTAROLO, ESQ.
    355 S. Grand Avenue
    Los Angeles, CA 90071
    *Attorneys for Athene Annuity and Life Company*

## **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐    The court waived the requirement of approval under LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###

EXHIBIT B



_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 27, 2016

GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
MARK M. WEISENMILLER, ESQ.
Nevada Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Ste. 100
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
*Attorneys for TAWK Development, LLC*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>TAWK DEVELOPMENT, LLC,<br><br>        Debtor. | Case No.: 15-16986-mkn<br>Chapter 11<br><br><br>Date:   May 11, 2016<br>Time:  9:30 a.m. |

### ORDER APPROVING MOTION SEEKING APPROVAL OF SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019 AND VACATING HEARINGS

TAWK Development, LLC ("Debtor"), debtor and debtor-in-possession, filed its *Motion Seeking Approval of Settlement Pursuant to Fed. R. Bankr. P. 9019* [ECF No. 200] (the "Motion"),[1] which came on for hearing before the above-captioned Court on May 11, 2016, at 9:30 a.m. (the "Hearing"). All appearances were duly noted on the record at the Hearing on the Motion.

_____
[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

The Court having reviewed the Motion and all matters submitted therewith; having considered the argument of counsel at the Hearing; notice of the Motion having been proper; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure; and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1.      The Motion is granted.

2.      The Settlement Agreement is approved in its entirety and Debtor, Athene Annuity and Life Company, and Leroy Wilder, as trustee of the Leroy and Nancy Wilder Trust, Leroy Wilder, Scott Keller, Karen Keller, Michael Talbott, and Cindy Talbott are authorized to take all action necessary to effectuate the terms of the Settlement Agreement.

3.      The Confirmation Hearing and Stay Relief Hearing Scheduled for May 31, 2016, at 9:30 a.m., is hereby vacated.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:                APPROVED:

GARMAN TURNER GORDON LLP                KOLESAR & LEATHAM

By: */s/ Talitha Gray Kozlowski*          By: */s/ Kimberly A. Posin*
    TALITHA GRAY KOZLOWSKI, ESQ.          BART K. LARSEN, ESQ.
    MARK M. WEISENMILLER, ESQ.            400 S. Rampart Blvd., Suite 400
    650 White Drive, Suite 100            Las Vegas, Nevada 89145
    Las Vegas, Nevada 89119
    *Attorneys for Debtor*                    and

    LATHAM & WATKINS LLP
    KIMBERLY A. POSIN, ESQ.
    AMY C. QUARTAROLO, ESQ.
    355 S. Grand Avenue
    Los Angeles, CA 90071
    *Attorneys for Athene Annuity and Life Company*

### LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐    The court waived the requirement of approval under LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###

EXHIBIT B



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 27, 2016

GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
MARK M. WEISENMILLER, ESQ.
Nevada Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Ste. 100
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
*Attorneys for TAWK Development, LLC*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 15-16986-mkn<br>Chapter 11 |
| TAWK DEVELOPMENT, LLC, | |
|       Debtor. | Date: May 11, 2016<br>Time: 9:30 a.m. |

**ORDER APPROVING MOTION SEEKING APPROVAL OF SETTLEMENT
PURSUANT TO FED. R. BANKR. P. 9019 AND VACATING HEARINGS**

TAWK Development, LLC ("Debtor"), debtor and debtor-in-possession, filed its *Motion Seeking Approval of Settlement Pursuant to Fed. R. Bankr. P. 9019* [ECF No. 200] (the "Motion"),[1] which came on for hearing before the above-captioned Court on May 11, 2016, at 9:30 a.m. (the "Hearing"). All appearances were duly noted on the record at the Hearing on the Motion.

---

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

GARMAN TURNER GORDON
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

The Court having reviewed the Motion and all matters submitted therewith; having considered the argument of counsel at the Hearing; notice of the Motion having been proper; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure; and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1.      The Motion is granted.

2.      The Settlement Agreement is approved in its entirety and Debtor, Athene Annuity and Life Company, and Leroy Wilder, as trustee of the Leroy and Nancy Wilder Trust, Leroy Wilder, Scott Keller, Karen Keller, Michael Talbott, and Cindy Talbott are authorized to take all action necessary to effectuate the terms of the Settlement Agreement.

3.      The Confirmation Hearing and Stay Relief Hearing Scheduled for May 31, 2016, at 9:30 a.m., is hereby vacated.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:                APPROVED:

GARMAN TURNER GORDON LLP              KOLESAR & LEATHAM

By: _/s/ Talitha Gray Kozlowski_          By: _/s/ Kimberly A. Posin_
    TALITHA GRAY KOZLOWSKI, ESQ.          BART K. LARSEN, ESQ.
    MARK M. WEISENMILLER, ESQ.            400 S. Rampart Blvd., Suite 400
    650 White Drive, Suite 100            Las Vegas, Nevada 89145
    Las Vegas, Nevada 89119
    *Attorneys for Debtor*                    and

                                          LATHAM & WATKINS LLP
                                          KIMBERLY A. POSIN, ESQ.
                                          AMY C. QUARTAROLO, ESQ.
                                          355 S. Grand Avenue
                                          Los Angeles, CA 90071
                                          *Attorneys for Athene Annuity and Life Company*

## **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐     The court waived the requirement of approval under LR 9021(b)(1).

☐     No party appeared at the hearing or filed an objection to the motion.

☒     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐     I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###

EXHIBIT B



_____

**Honorable Mike K. Nakagawa**
United States Bankruptcy Judge



Entered on Docket
May 27, 2016

GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
MARK M. WEISENMILLER, ESQ.
Nevada Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Ste. 100
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
*Attorneys for TAWK Development, LLC*

### UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF NEVADA

| In re:<br><br>TAWK DEVELOPMENT, LLC,<br><br>            Debtor. | Case No.: 15-16986-mkn<br>Chapter 11<br><br><br>Date:   May 11, 2016<br>Time:  9:30 a.m. |
|---|---|

### ORDER APPROVING MOTION SEEKING APPROVAL OF SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019 AND VACATING HEARINGS

TAWK Development, LLC ("Debtor"), debtor and debtor-in-possession, filed its *Motion Seeking Approval of Settlement Pursuant to Fed. R. Bankr. P. 9019* [ECF No. 200] (the "Motion"),[1] which came on for hearing before the above-captioned Court on May 11, 2016, at 9:30 a.m. (the "Hearing"). All appearances were duly noted on the record at the Hearing on the Motion.

_____

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

1  The Court having reviewed the Motion and all matters submitted therewith; having

2  considered the argument of counsel at the Hearing; notice of the Motion having been proper; the

3  Court having stated its findings of fact and conclusions of law on the record at the hearing, which

4  are incorporated herein by reference in accordance with Rule 52 of the Federal Rules of Civil

5  Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy

6  Procedure; and good cause appearing therefore,

7  **IT IS HEREBY ORDERED** that:

8  1.  The Motion is granted.

9  2.  The Settlement Agreement is approved in its entirety and Debtor, Athene Annuity

10  and Life Company, and Leroy Wilder, as trustee of the Leroy and Nancy Wilder Trust, Leroy

11  Wilder, Scott Keller, Karen Keller, Michael Talbott, and Cindy Talbott are authorized to take all

12  action necessary to effectuate the terms of the Settlement Agreement.

13  3.  The Confirmation Hearing and Stay Relief Hearing Scheduled for May 31, 2016,

14  at 9:30 a.m., is hereby vacated.

15  **IT IS SO ORDERED.**

16  PREPARED AND SUBMITTED:          APPROVED:

17  GARMAN TURNER GORDON LLP          KOLESAR & LEATHAM

18

19  By: */s/ Talitha Gray Kozlowski*          By: */s/ Kimberly A. Posin*
       TALITHA GRAY KOZLOWSKI, ESQ.          BART K. LARSEN, ESQ.

20     MARK M. WEISENMILLER, ESQ.          400 S. Rampart Blvd., Suite 400
       650 White Drive, Suite 100          Las Vegas, Nevada 89145

21     Las Vegas, Nevada 89119
       *Attorneys for Debtor*          and

22
                                          LATHAM & WATKINS LLP

23                                        KIMBERLY A. POSIN, ESQ.
                                          AMY C. QUARTAROLO, ESQ.

24                                        355 S. Grand Avenue
                                          Los Angeles, CA 90071

25                                        *Attorneys for Athene Annuity and Life Company*

26

27

28

## **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐    The court waived the requirement of approval under LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###

GARMAN TURNER GORDON
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000